UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
:
JUPITER PRINT PACK INDIA (P) LTD.,         :
:
               Plaintiff,            :      12 Civ. 0322
:
        v.                                    :      **OPINION**
:
ANAND PRINTING MACHINERY, INC.,            :
SAMRAT CONTAINER LINES, INC., and          :
SAFEWATER LINES, PVT LTD.,                 :
:
              Defendants.            :
------------------------------------------------x

      Jupiter Print Pack India Ltd. ("Jupiter") brings this action seeking to recover money paid to defendant Anand Printing Machinery, Inc. ("Anand") for the purchase of a commercial printing press. Jupiter alleges that it paid $160,000 for a printing press that was never delivered. Jupiter also sues the carriers allegedly engaged to ship the equipment, Samrat Container Lines, Inc. and Safewater Lines, Pvt Ltd.

      All three defendants move to dismiss Jupiter's complaint. The motion is denied as to the main claim against Anand, for breach of contract. Otherwise the motions are granted.

## The Complaint

      Jupiter is a business entity organized under the laws of a foreign state with its principle place of business in Coimbatore, India. Anand is a

corporation organized under the laws of New York with its principal place of business in Deer Park, New York and is a major North American supplier of printing equipment to India.  Shipping Defendants are both business entities with their principle places of business in Edison, New Jersey; both are carriers engaged in the business of shipping freight by sea to India.

Jupiter claims that in April of 2010 it agreed to purchase a printing press from Anand for $160,000, an agreement allegedly memorialized in an invoice issued by Anand dated April 21, 2010 and bearing the invoice number 10365.  Jupiter claims that, as a part of the purchase agreement, Anand agreed to ship the machine to Tuticorin, India.  With this understanding, Jupiter alleges that, on December 31, 2010, it paid $160,000 to Anand by wire transfer.  A month later, Anand forwarded a draft bill of lading, issued by Samrat, to Jupiter pertaining to the machine's shipment from New York City to Tuticorin.

But, Jupiter claims, that voyage never occurred.  Instead, the printing press was shipped to an entity named Shiv Shakti Enterprises in Mundra, India, under another bill of lading bearing many of the same details as the bill of lading supplied by Anand to Jupiter (including the same number, OEH110027, and date, February 3, 2010) but differing in its delivery information.  Anand submitted the information for this modified bill of lading, Jupiter contends, to Samrat under the name "Press International Inc.," a company which Jupiter alleges does not exist.

The complaint does not assert claims based on legal theories in the usual sense.  Instead the complaint alleges that Jupiter sustained damages in the

amount of $160,000, and then goes on to state that the losses were the result of "fraud, negligence, breach of contract of carriage and bailment" (par 16).

The complaint must be treated as asserting essentially a breach of contract claim against Anand. And it successfully pleads such a claim, as the foregoing summary of the complaint shows.

As to the Shipping Defendants, presumably they are charged with the "breach of contract of carriage and bailment." However, there is no allegation of any contract of carriage or bailment between Jupiter and either of the Shipping Defendants. It is alleged that Samrat issued a draft bill of lading but this is not sufficient to assert a valid claim against Samrat. The complaint is dismissed as it pertains to both Shipping Defendants.

The court declines to discuss the allegations of fraud and negligence because there is no attempt to develop or explain such claims in the complaint.

The court likewise declines to convert the motion into one for summary judgment and declines to consider additional allegations presented by the parties outside the complaint, in motion papers.

The court will hold a conference promptly to further define the issues.

So ordered.

Dated: New York, New York
September 18, 2012

Thomas P. Griesa
U.S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Sept 18, 2012

- 3 -