```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
JUPITER PRINT PACK INDIA LTD.,          :
                                         :
                    Plaintiff,          :
                                         :          12 Civ. 322 (KBF)
            -v-                          :
                                         :          OPINION & ORDER
ANAND PRINTING MACHINERY, INC.,         :
                                         :
                    Defendant.          :
------------------------------------------------------------ X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 5, 2015
```

KATHERINE B. FORREST, District Judge:

On January 13, 2012, plaintiff Jupiter Print Pack India, Ltd. ("Jupiter"), a commercial printer in India, filed this action against defendant Anand Printing Machinery, Inc. ("Anand"), a New York printing press vendor. (ECF No. 1.)[1] Jupiter alleges that it remitted $160,000 via a bank wire transfer to Anand on December 31, 2010 in exchange for a commercial printing press that it has never received. (ECF No. 60.) Jupiter makes two claims in this action: that Anand breached its contract with Jupiter and that Anand was unjustly enriched by keeping the $160,000. (ECF No. 60.)[2]

Before this Court is a motion for summary judgment filed by Anand. (ECF No. 103.) While Jupiter has subsequently conceded the breach of contract claim, it cross-moved for summary judgment on the unjust enrichment claim. (ECF No.

---

[1] The original complaint also named as defendants two non-vessel operating common carriers, Samrat Container Lines, Inc. and Safewater Lines, Pvt Ltd. On September 18, 2012, the Honorable Thomas P. Griesa dismissed the action as against those two defendants, leaving Anand as the sole remaining defendant. (ECF No. 27.)

[2] On September 26, 2013, Jupiter filed an Amended Complaint following the Court's warning that it intended on sua sponte granting summary judgment for Anand based on an apparent lack of privity between the parties. (ECF No. 60.)

107.) On the remaining unjust enrichment claim, the Court finds that Jupiter has failed to present admissible evidence supporting an essential element of the claim. Jupiter's failure to take depositions after four extensions of time renders them unable to present admissible facts establishing that it is inequitable for Anand to retain the $160,000 at issue in this case. Accordingly, Anand's motion for summary judgment is GRANTED and Jupiter's cross-motion for summary judgment is DENIED.

I.   FACTUAL BACKGROUND

Since 2008, Anand has been in the business of buying and selling offset printing machines. (Jupiter's Rule 56.1 Statement in Support ¶ 4, ECF No. 109-1.) The parties agree that on December 31, 2010, Anand received $160,000 by wire transfer from Jupiter's bank. (Id. ¶ 3.) They also agree that Anand has not sent a printing machine to Jupiter. (Id. ¶ 5.)

The parties differ on why $160,000 was sent to Anand, and on whose behalf the funds were sent. Anand sets forth the following facts: third-party Ayyanathan Gunasekaran ("Mr. Guna") and Anand contracted for the purchase of a $125,000 Planeta 64 printing machine. (Anand's Rule 56.1 Statement in Opp'n ¶ Add. Fact. 5.) Anand delivered that machine to Mr. Guna upon payment of a non-refundable $50,000 deposit. (Id. ¶ Add. Fact. 6.) "Upon information and belief", Anand asserts that Mr. Guna thereafter re-sold the Planeta 64 machine to Jupiter for $160,000. (Id. ¶ Add. Fact. 7.) Mr. Guna, who "routinely" directs unrelated third parties to make deposits to sellers of printing machines, directed Jupiter to transfer the

$160,000 purchase funds to Anand as a deposit on Mr. Guna's separate purchase: a 1997 KBA 104-8 SW 4 (the "KBA 104-8") printing machine.  (Id. ¶ Add. Fact. 7-8.) Anand claims that neither Mr. Guna nor his company, Safire Lithographers, made Anand aware that such a purchase might be for the benefit of Jupiter.  (Id. ¶ Add. Fact. 2.)  Rather, they say that Mr. Guna simply advised Anand to apply Jupiter's $160,000 payment as a non-refundable deposit on the KBA 104-8 printing machine. (Id. ¶ Add. Fact. 3.)  Anand acquired and prepared the KBA 104-8 to be shipped to Mr. Guna pending payment on the remaining purchase price.  (Id. ¶ Add. Fact. 4.) In December 2010, Anand sold Mr. Guna the KBA 104-8 printing machine. (Id. ¶ 6.)

     Jupiter tells a different story, though it is unable to present sufficient evidence to support it.  Jupiter points to deposition testimony from third-party Mr. Guna to dispute Anand's assertion that Mr. Guna ever contracted or entered into negotiations with Anand for the purchase of the KBA 104-8 printing machine. (Jupiter's 56.1 Statement in Support ¶ 7, ECF No. 109-1.)  Jupiter instead claims that Mr. Guna advised Anand that Jupiter wanted to purchase a Planeta 64 printing machine directly from Anand.  (Jupiter's Reply 56.1 Statement in Opp'n ¶ 2, ECF No. 121-3.)  Although unable to offer evidence connecting the transfer of money with any understanding regarding the purchase of a printing machine, Jupiter asserts that on December 31, 2010, it wired Anand $160,000 in exchange for a commercial printing press.  (Jupiter's 56.1 Statement in Support ¶ 3.)

II.     STANDARD OF REVIEW

Summary judgment may not be granted unless a movant shows, based on admissible evidence in the record, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating "the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On summary judgment, the Court must "construe all evidence in the light most favorable to the nonmoving party, drawing all inferences and resolving all ambiguities in its favor." Dickerson v. Napolitano, 604 F.3d 732, 740 (2d Cir. 2010).

Once the moving party has asserted facts showing that the nonmoving party's claims cannot be sustained, the opposing party must set out specific facts showing a genuine issue of material fact for trial. Price v. Cushman & Wakefield, Inc., 808 F. Supp. 2d 670, 685 (S.D.N.Y. 2011); see also Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009). "[A] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment," because "[m]ere conclusory allegations or denials . . . cannot by themselves create a genuine issue of material fact where none would otherwise exist." Hicks v. Baines, 593 F.3d 159, 166 (2d Cir. 2010) (citations omitted); see also Price, 808 F. Supp. 2d at 685 ("In seeking to show that there is a genuine issue of material fact for trial, the non-moving party cannot rely on mere allegations, denials, conjectures or conclusory statements, but must present affirmative and specific evidence showing that there is a genuine issue for trial.").

Only disputes relating to material facts—i.e., "facts that might affect the outcome of the suit under the governing law"—will properly preclude the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (stating that the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts"). The Court should not accept evidence presented by the nonmoving party that is so "blatantly contradicted by the record . . . that no reasonable jury could believe it." Scott v. Harris, 550 U.S. 372, 380 (2007); see also Zellner v. Summerlin, 494 F.3d 344, 371 (2d Cir. 2007) ("Incontrovertible evidence relied on by the moving party . . . should be credited by the court on [a summary judgment] motion if it so utterly discredits the opposing party's version that no reasonable juror could fail to believe the version advanced by the moving party.").

III. DISCUSSION

As Jupiter has conceded its breach of contract claim, all that remains is its unjust enrichment claim against Anand.

A. <u>Legal standard of unjust enrichment</u>

Under New York law, a plaintiff seeking damages for unjust enrichment must allege (1) that the defendants were enriched or benefitted, (2) at plaintiff's expense, and (3) that equity and good conscience require restitution. Golden Pacific Bancorp v. F.D.I.C., 273 F.3d 509, 519 (2d Cir. 2001); see also Bigio v. Coca–Cola Co., 675 F.3d 163, 176–77 (2d Cir. 2012); Paramount Film Distrib. Corp. v. New

5

York, 30 N.Y.2d 415, 421 (N.Y. 1972). "The 'essence' of such a claim 'is that one party has received money or a benefit at the expense of another.'" Kaye v. Grossman, 202 F.3d 611, 616 (2d Cir. 2000) (citing City of Syracuse v. R.A.C. Holding, Inc., 685 N.Y.S.2d 381, 381 (4th Dep't 1999)).

B.    Discussion

Jupiter has failed to raise a triable issue of fact as to the essential elements of its unjust enrichment claim. This Court previously entered an order stating that Jupiter would be precluded from presenting testimony from any of its representatives on dispositive motions or at trial due to its failure to present a party witness for deposition. (ECF No. 86.) This order arose after the following events: On June 4, 2014, following four separate extensions of fact discovery,[3] the Court set July 14, 2014 as the date by which depositions must be taken, and noted, "Any witness not deposed by that date may not testify at trial (or offer testimony by declaration/affidavit) unless the parties consent by July 10, 2014." (ECF No. 86.) Jupiter failed to produce Mohammed Khan, Jupiter's Chairman and President, or any other representative for deposition by that deadline. It did not request relief from the Court's June 4, 2014 Order and Anand has not consented to allow Khan or another agent of Jupiter to testify. As a result, Jupiter is not entitled to affirmatively present statements from its personnel.

---

[3] On October 1, 2013, the Court set February 4, 2014 as the close of fact discovery. (ECF No. 61.) On December 9, 2013, the Court extended the close of fact discovery to April 4, 2014. (ECF No. 74.) On April 4, 2014, the Court extended the close of fact discovery to May 15, 2014 on plaintiff's request. (ECF No. 83.) On May 15, 2014, the Court also extended the close of fact discovery to June 3, 2014 on plaintiff's request, in order to conduct the remaining depositions. (ECF No. 85.) On June 4, 2014, the Court extended fact discovery one final time to July 10, 2014. (ECF No. 86.)

6

It is unclear why Jupiter failed to produce Mr. Khan or another representative for the company, despite the Court having extended fact discovery four separate times. Regardless of its reason, Jupiter is left with "[m]ere conclusory allegations or denials" that "cannot by themselves create a genuine issue of material fact where none would otherwise exist." Hicks, 593 F.3d at 166.

While it is undisputed that Jupiter transferred $160,000 to Anand, Jupiter cannot offer admissible facts on the circumstances surrounding the transfer of the funds – facts that are key for establishing the unjust enrichment claim. After Anand asserts sufficient facts demonstrating that Jupiter's unjust enrichment claim cannot be sustained, Jupiter is left with mere "allegations, denials, conjectures or conclusory statements" to back up its version of events, making it impossible for the Court to find a genuine issue for trial. See Price, 808 F. Supp. 2d at 685. Jupiter spends large portions of its briefs attacking Anand's affirmative defenses, but the burden of proof lies with Jupiter as the plaintiff. See, e.g., Giordano, 564 F.3d at 170 (". . . a plaintiff asserting a claim of unjust enrichment must show . . .").

To avoid summary judgment based on the first element of an unjust enrichment claim, plaintiff must raise a triable issue as to the defendant being enriched. Here, Jupiter does more; the parties agree that defendant was enriched because Anand received $160,000 from Jupiter's bank.

To avoid summary judgment based on the second element of an unjust enrichment claim, plaintiff must raise a triable issue as to the enrichment being at the expense of the plaintiff. Jupiter argues that the element is met by the simple

7

fact that $160,000 was transferred directly from its bank account to Anand's bank account.  (Jupiter's Mem. of L. in Opp'n, at 4-5, ECF No. 107.)  However, Anand asserts that Jupiter cannot put forth any statement establishing that the transferred funds were in fact their own funds, and not the funds of some other party or funds paid on behalf of someone else – namely Mr. Guna.  (Anand's Reply in Support at 3-4, ECF No. 112.)  According to Anand, Jupiter owed Mr. Guna $160,000 for the Planeta 64 printer.  (Anand's Rule 56.1 Statement in Opp'n ¶ Add. Fact 7.)  Anand, however, only makes that factual assertion "[u]pon information and belief".  (Id.)  It nonetheless argues that if Jupiter's payment of $160,000 was made on behalf of Mr. Guna, then Jupiter cannot establish that Anand was enriched at Jupiter's expense because the $160,000 was never truly Jupiter's funds.

That question of whether Jupiter transferred funds on someone else's behalf becomes crucial to the third element of unjust enrichment.  For the purposes of the second element, however, Anand puts too fine a point on the true ownership of funds.  Jupiter may not be able to put forth a statement establishing that the funds are theirs, but they do put forward the unopposed fact that the transfer was made from their bank account to Anand's bank account. Viewing the facts in the light most favorable to Jupiter, the fact that the money came from its bank account is enough to raise a triable issue as to whether Anand's monetary gain was at Jupiter's expense.  See Glidepath Holding B.V. v. Spherion Corp., 04 Civ. 9758 (RJS), 2010 WL 1372553, at *15 (S.D.N.Y. Mar. 26, 2010) ("In Newbro, 'money was transferred directly from [plaintiff's] account to [defendants'],' clearly satisfying the

second element of the claim in a way that is missing here.") (quoting <u>Newbro v. Freed</u>, No. 06 Civ. 1722, 2007 WL 642941, at *2 (2d Cir. Feb. 27, 2007)).

To avoid summary judgment based on the third element of an unjust enrichment claim, plaintiff must raise a triable issue as to equity and good conscious mitigating against permitting the defendant to retain what plaintiff is seeking to recover.  See <u>Giordano v. Thomson</u>, 564 F.3d 163, 170 (2d Cir. 2009) (internal quotation marks omitted).  Jupiter cannot do so.  To raise a triable issue, it must point to facts that establish a scenario from which the Court can determine that Anand's retention of the funds is inequitable.  <u>See id</u>.  However, Jupiter's preclusion from testifying render it incapable of doing so.  Jupiter has proffered that funds were transferred from its bank account; however, "[a] plaintiff's allegation that a defendant received benefits, standing alone, is insufficient to establish a cause of action to recover damages for unjust enrichment." <u>Schatzki v. Weiser Capital Management, LLC</u>, 995 F. Supp. 2d 251, 252 (S.D.N.Y. 2014) (citing <u>Old Republic Natl. Title Ins. Co. v. Cardinal Abstract Corp.</u>, 14 A.D.3d 678, 680 (2d Dep't 2005)).  Jupiter's failure to produce a representative for deposition means it is unable to establish its reason for initiating the transfer to Anand.  It does not produce facts that describe the terms, conditions, or expectations of any transaction to which Jupiter agreed related to the transfer of the funds to Anand.  Without admissible evidence related to Jupiter's agreement with Anand, there are no facts upon which this Court can find that Anand retained the funds inequitably.

9

Without the benefit of testimony from a party representative, Jupiter points instead to the deposition testimony of third party Mr. Guna as an attempt to discredit Anand's version of events – namely, a portion of Mr. Guna's deposition wherein he denied entering into an agreement with Anand for the purchase of a KBA 104-8 printing machine. In contrast to Mr. Kumar, President of Anand, who testified that he sold a KBA 104-8 printing machine to Mr. Guna, Mr. Guna testified that he never purchased a KBA 104-8 printing machine from Anand and never entered into negotiations with Anand for the purchase of such a machine. (Pl. 56.1 Statement of Facts ¶ 7, Ex. 6.) Jupiter also points to the lack of a contract of sale for a KBA 104-8 printing machine to Mr. Guna. Anand "vigorously disputes" these statements. (Anand 56.1 Opp'n Statement of Facts ¶ 7.)

However, as discussed, merely discrediting Anand's side of the story is not the same as establishing that equity and good conscience prevent Anand from retaining the money. Jupiter could have done a number of things to demonstrate that equity prevents Anand from retaining the money. For example, they could have produced a contract of a sale with Anand to show that the $160,000 they paid was in exchange for a printer they never received. They could have produced emails discussing a sale with Anand, or instructing Mr. Guna to purchase a printer on their behalf. They could have offered testimony from someone at the company demonstrating an agreement or discussions to purchase a printer from Anand in exchange for the money. For whatever reason, Jupiter chose not to do any of these

things. In the absence of such evidence, Jupiter has failed to meet this third element of its unjust enrichment claim against Anand.

IV.  CONCLUSION

Anand's motion for summary judgment is GRANTED and Jupiter's motion for summary judgment is DENIED. The motion <u>in limine</u> at ECF No. 98 is DENIED as moot, in light of the Court's granting summary judgment.

The Clerk of Court is directed to close the motions at ECF Nos. 98, 102 and 106, and to terminate this case.

SO ORDERED.

Dated:     New York, New York
           March 5, 2015

                                           _____
                                                KATHERINE B. FORREST
                                                United States District Judge